**Affirmed and Memorandum Opinion filed October 2, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00627-CV

---

### IN THE MATTER OF T.T.L., a Juvenile

---

**On Appeal from the County Court at Law**
**Waller County, Texas**
**Trial Court Cause No. JV08-17**

---

## M E M O R A N D U M   O P I N I O N

On January 13, 2009, appellant, a juvenile, was adjudicated delinquent on a determinate-sentence petition alleging the first-degree felony offense of aggravated sexual assault of a child for which he was sentenced to ten years' confinement in the Texas Youth Commission with possible transfer to the adult system. *See* Tex. Penal Code Ann. § 29.03 (West 2011); Tex. Fam. Code Ann. §§ 51.03, 53.045(a) (West Supp. 2012). Subsequently, the State requested the trial court to conduct a hearing for the purpose of considering the transfer of appellant from the custody of the Texas Youth Commission to the custody of the Texas Department of Criminal Justice–Institutional Division (TDCJ–ID) for the remainder of his sentence. *See* Tex. Fam. Code Ann. § 54.11 (West Supp.

2012). The trial court ordered appellant transferred to TDCJ–ID for the remainder of his sentence. *See* Tex. Fam. Code Ann. § 54.11(k) (West Supp. 2012). Appellant appeals the trial court's order transferring his custody to TDCJ–ID. We affirm.

Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirement of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), by advancing contentions which counsel says might arguably support the appeal. *See High v. State,* 573 S.W.2d 807 (Tex.Crim.App.1978); *Currie v. State,* 516 S.W.2d 684 (Tex.Crim.App.1974); *Jackson v. State,* 485 S.W.2d 553 (Tex.Crim.App.1972); *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App.1969); *see also In re D.A.S.,* 973 S.W.2d 296, 298 (Tex.1998) (Texas Supreme Court held that the *Anders* procedure applies to juvenile appeals and noted that, although juvenile-delinquency proceedings are classified as civil, their nature is quasi-criminal). A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. (Tex. Crim. App.1991). As of this date, no pro se response has been filed.

We have carefully reviewed the record and counsel's brief and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Justices Frost, Christopher, and Jamison.

2